UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MAHALIA DANIEL,<br><br>          Plaintiff,<br><br>     v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>          Defendant. | No. CV 04-10022-VBK<br><br>MEMORANDUM OPINION<br>AND ORDER<br><br>(Social Security Case) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner ("AR"). The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

Plaintiff's sole argument is that the ALJ failed to provide

legitimate reasons for rejecting the opinion of her treating psychiatrist, Dr. Curtis. Plaintiff focuses on the ALJ's opinion at AR 27, in which he determined to "completely reject the opinion because it is little more than advocacy disguised as objective analysis and clearly based upon nothing more significant than the [Plaintiff's] stated symptoms alone." (AR 27.) In response, the Commissioner denominates eight reasons substantiating the ALJ's rejection of Dr. Curtis's opinion. (Cross-Motion at 3-4.)

Plaintiff is correct in citing one reason why the ALJ rejected Dr. Curtis's opinion. If that were the only reason upon which the ALJ's decision rested, the fact that Dr. Curtis was treating Plaintiff for a workers' compensation claim, or that his payment might have been contingent upon whether she was awarded workers' compensation benefits, is an insufficient reason to find bias, or certainly a level of bias which would justify complete rejection of the doctor's opinion. On the other hand, of the eight reasons cited by the Commissioner, the first five were not articulated by the ALJ as reasons for rejecting Dr. Curtis's findings. The Court agrees with Plaintiff's argument that review of the decision by this Court must be based on the articulated reasons set forth in the decision. (See Plaintiff's Motion at 6, fn. 2, citing Barbato v. Commissioner, 923 F.Supp. 1273, 1276 fn.2 (C.D. Cal. 1996).) The portion of the decision which discusses Dr. Curtis's opinion, at AR 27, is not, however, the whole story. The ALJ relied upon the examination of the Qualified Medical Examiner ("QME"), Dr. Appleton. (See AR at 28.) Dr. Appleton's extensive report (AR 411-444) provides a comprehensive basis upon which the ALJ could and did rely to discount Dr. Curtis's opinion. Dr. Appleton exhaustively reviewed the entire gamut of

2

medical records, deposition testimony, and other evidence, including psychological testing done and the report submitted by Dr. Curtis. (See AR at 439-441.)  Dr. Appleton concluded that Plaintiff is a malingerer, with regard to both her physical and psychological symptoms. (See AR at 432.)  Not only did Dr. Appleton do a face-to-face interview and mental status examination, but he also did objective psychological testing, all of which formed the basis for his conclusions. (See AR at 413.)  Dr. Appleton criticizes Dr. Curtis for failing to take a thorough history, and, among other things, asserts that Dr. Curtis misinterpreted the psychological testing data. (See AR at 440.)  Significantly, because Dr. Appleton relied upon his own interview with Plaintiff, and his evaluation of other objective medical records to conclude that she both misrepresents her physical and mental condition, and is a malingerer, his findings are entitled to great weight.  In particular, although Plaintiff is correct that Dr. Curtis did psychological testing, the fact that she has been found to be a malingerer, and an individual who distorts her psychological symptoms, among other things, provides a substantial basis upon which the ALJ discounted Dr. Curtis's findings. (See AR at 28, 30, 432-33.) Notably, Plaintiff has not asserted error in the ALJ's determination regarding her lack of credibility.

Finally, the ALJ was entitled to rely upon the opinion of the non-examining State Agency physician, who determined no more than "mild" degrees of limitation in certain functional areas. (See AR at 27, 333.)

Thus, the Court finds that the ALJ was not obligated to accept the opinion of Dr. Curtis, and further, that in relying on the opinion rendered by Dr. Appleton, the ALJ discharged his obligation to resolve

1  conflicts in medical evidence.  See Magallanes v. Bowen, 881 F.2d 747,
2  751 (9th Cir. 1989).
3       For the foregoing reasons, Plaintiff's Motion for Summary
4  Judgment is denied; the Commissioner's Cross-Motion for Summary
5  Judgment is granted; and the matter is dismissed with prejudice.
6       **IT IS SO ORDERED**.

8  DATED:  November 17, 2005

10                                            /s/
                                   VICTOR B. KENTON
11                                 UNITED STATES MAGISTRATE JUDGE

4